IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

HARRY D. WALKER                                )
                                               )
        Plaintiff,                             )
                                               )
vs.                                            )
                                               )
MENTAL HEALTH ASSOCIATION                      )
IN TULSA, INC.,                                )
a not for profit corporation,                  )
                                               )
        Defendant.                             )



CJ-2013-03280
Judge _____
CARLOS J. CHAPPELLE

DISTRICT COURT
F I L E D
JUL 1 2 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

## PETITION

COMES NOW Harry D. Walker (hereinafter "Plaintiff"), by and through his attorneys

of record, Amber Peckio Garrett of the Garrett Law Center, PLLC, and brings this action against

the Mental Health Association in Tulsa, Inc., a not for profit corporation, (hereinafter

"Defendant"), for violations of his constitutionally protected rights arising out of his

employment.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff is a resident of Tulsa, Tulsa County, State of Oklahoma.

2.      Defendant is a domestic not for profit corporation regularly doing business in

Tulsa, Tulsa County, State of Oklahoma.

3.      The incidents and occurrences that form the basis of Plaintiff's action occurred in

Tulsa, Tulsa County, State of Oklahoma.

4.      Plaintiff filed a charge of discrimination against the Defendant with the Equal

Employment Opportunity Commission ("EEOC") complaining to the EEOC of discrimination

based on his race, his age and retaliation by his employer, the Defendant. A Notice of Right to

Sue, dated April 23, 2013, was received by the Plaintiff and this Petition has been filed within

1



DEFENDANT'S
EXHIBIT
1
PENGAD-Bayonne, N. J.

ninety days (90) of the receipt of the Notice of Right to Sue.  As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5.     This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

6.     Plaintiff brings this action for damages under the *Oklahoma Anti-Discrimination Act* (OADA), Okla. Stat. tit. 25 § 1101 *et seq.*; Title VII of the Civil Rights Act of 1964; *The Age Discrimination in Employment Act of 1967* (ADEA), 29 U.S.C. § 621 *et seq.*; and the Equal Employment Opportunity Commission (EEOC), for discriminating against him on the basis of his race, his age and retaliation by his employer, the Defendant.

7.     Compensatory damages are sought pursuant to the OADA, Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; the ADEA, 29 U.S.C. § 621 *et seq.*; and the EEOC.

8.     Punitive damages are sought pursuant to the OADA, Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; the ADEA, 29 U.S.C. § 621 *et seq.*; and the EEOC.

9.     Costs and attorney's fees may be awarded pursuant to the OADA, Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; the ADEA, 29 U.S.C. § 621 *et seq.*; and the EEOC.

## FACTS COMMON TO ALL CLAIMS

10.    Plaintiff incorporates paragraphs 1 through 9, as if realleged.

11.    Defendant hired Plaintiff as a Cook on December 14, 2009.

12.    Plaintiff is a African American/black man and is 69 years old.

13. Approximately April of 2012, the Plaintiff's Supervisor who was employed as the Defendant's Kitchen Supervisor, Cheryl McIntyre ("Supervisor McIntyre") made a racist statement to the Plaintiff when she referred to a co-worker as a "crazy nigger".

14. The Plaintiff was highly offended by this racist remark and complained to Perry Connally ("Supervisor Connally") who was the person Supervisor McIntyre reported to, and discussed the racist remarks in a meeting in April of 2012.

15. At that same meeting, the Plaintiff informed Supervisor Connally that he had lost vacation time because Supervisor McIntyre had declined to allow him to take his earned vacation time.

16. The Plaintiff never heard if his complaints to Supervisor Connally were addressed with Supervisor McIntyre and alleges herein that his concerns were disregarded.

17. Immediately after the Plaintiff's meeting with Supervisor Connally, Supervisor McIntyre began to treat him less favorably than she treated other employees and speaking to him in an angry tone and addressing him by saying "hey you".

18. Immediately after the Plaintiff's meeting with Supervisor Connally, Supervisor McIntyre began to frequently tell the Plaintiff that he was forgetful and indicated that he was too old to remember things.

19. Supervisor McIntyre required the Plaintiff to provide a doctor's note before he could return to work, but then refused to accept the doctor's note.

20. Supervisor McIntyre began demanding that the Plaintiff do other employee's jobs such as serving food others had prepared, even though his job was a Cook.

21. Supervisor McIntyre's husband began coming into the work area and stared at the Plaintiff, which made the Plaintiff uncomfortable.

3

22.   On June 17, 2012, Supervisor McIntyre gave the Plaintiff a written warning because the Plaintiff failed to call her on June 17, 2012 to notify her that a co-worker had not come to work, even after the Plaintiff told her he had tried to call her.

23.   The Plaintiff complained to Trena Appleby in Human Resources ("HR Appleby") in December of 2012 about all of the above incidents which occurred between the Plaintiff and Supervisor McIntyre and Supervisor Connally.   HR Appleby refused to take any type of corrective action or to talk with the supervisors.  Instead, she told the Plaintiff that "he was the problem".

24.   On January 29, 2013, the Plaintiff was given a written warning which said the Plaintiff was making racist comments because he was repeating or telling someone what Supervisor McIntire had told him (see Paragraph 13 herein).

25.   On January 11, 2013, the Plaintiff called the U. S. Equal Employment Opportunity Commission and filled out and mailed a U. S. Equal Employment Opportunity Commission Intake Questionnaire.

26.   Upon finding out that the Defendant had filed a complaint with the EEOC, the Plaintiff was terminated in retaliation on February 6, 2013.

27.   The Defendant replaced the Plaintiff's job with a considerably younger person.

## FIRST CLAIM FOR RELIEF
## RETALIATION AND DISCRIMINATION ON BASIS OF AGE AND RACE

28.   Plaintiff incorporates paragraphs 1 through 27, as if realleged.

29.   Defendant engaged in unlawful employment practices in violation of the OADA, Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; the ADEA, 29 U.S.C. § 621 *et seq.*; and the EEOC.

30.     An employer may not harass or otherwise "retaliate" against an individual for filing a charge of discrimination or otherwise opposing discrimination.  (the OADA, Okla. Stat. tit. 25 § 1101, 1301 *et seq.*; Title VII of the Civil Rights Act of 1964; the ADEA, 29 U.S.C. § 621 *et seq.*; and the EEOC.)

31.     An employee is protected from coercion, intimidation, threat, harassment or interference in an employee's exercise of their own rights.

32.     The Plaintiff is a black man who is 69 years old.  Supervisor McIntyre has a long-standing pattern of harassing, threatening, intimidating and interfering with the Plaintiff's exercise of his own rights and the Defendant has not taken action against Supervisor McIntyre or Supervisor Connally, as required by law.

33.     Approximately April of 2012, the Plaintiff's Supervisor who was employed as the Defendant's Kitchen Supervisor, Cheryl McIntyre ("Supervisor McIntyre") made a racist statement to the Plaintiff when she referred to a co-worker as a "crazy nigger".

34.     The Plaintiff was highly offended by this racist remark and complained to Perry Connally ("Supervisor Connally") who was the person Supervisor McIntyre reported to, and discussed the racist remarks in a meeting in April of 2012.

35.     At that same meeting, the Plaintiff informed Supervisor Connally that he had lost vacation time because Supervisor McIntyre had declined to allow him to take his earned vacation time.

36.     The Plaintiff never heard if his complaints to Supervisor Connally were addressed with Supervisor McIntyre and alleges herein that his concerns were disregarded.

37.   Immediately after the Plaintiff's meeting with Supervisor Connally, Supervisor McIntyre began to treat him less favorably than she treated other employee and speaking to him in an angry tone and addressing him by saying "hey you".

38.   Immediately after the Plaintiff's meeting with Supervisor Connally, Supervisor McIntyre began to frequently tell the Plaintiff that he was forgetful and indicated that he was too old to remember things.

39.   Supervisor McIntyre required the Plaintiff to provide a doctor's note before he could return to work, but then refused to accept the doctor's note.

40.   Supervisor McIntyre began demanding that the Plaintiff do other employee's jobs such as serving food others had prepared, even though his job was a Cook.

41.   Supervisor McIntyre's husband began coming into the work area and stared at the Plaintiff, which made the Plaintiff uncomfortable.

42.   On June 17, 2012, Supervisor McIntyre gave the Plaintiff a written warning because the Plaintiff failed to call her on June 17, 2012 to notify her that a co-worker had not come to work, even after the Plaintiff told her he had tried to call her.

43.   The Plaintiff complained to Trena Appleby in Human Resources ("HR Appleby") in December of 2012 about all of the above incidents which occurred between the Plaintiff and Supervisor McIntyre and Supervisor Connally.   HR Appleby refused to take any type of corrective action or to talk with the supervisors.  Instead, she told the Plaintiff that "he was the problem".

44.   On January 29, 2013, the Plaintiff was given a written warning which said the Plaintiff was making racist comments because he was repeating or telling someone what Supervisor McIntire had told him (see Paragraph 13 herein).

45.     During Plaintiff's employment, Supervisor McIntyre harassed him by writing him up, saying threatening comments to him, making racial comments to him and telling him he was too old and couldn't remember anything because of his age.  Whenever the Plaintiff would report the harassment, the Defendant took no action to correct the situations.  No reason was given for the harassment, retaliation or termination.

46.     Plaintiff believes he was retaliated against due to his age, his race and for complaining to the EEOC of coercion, intimidation, threat, harassment or interference in an employee's exercise of their own rights, discrimination of age and discrimination of race..

WHEREFORE, Plaintiff prays for judgment against Defendant for:

a.  Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;

b.  Compensatory damages for his physical anguish, pain and suffering and other non-pecuniary losses;

c.  Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d.  His attorney fees and the costs and expenses of this action; and

e.  Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.     Plaintiff incorporates paragraphs 1 through 46, as if realleged.

48.     Defendant's actions of intentional and malicious discrimination of age, race and retaliation leading to termination are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

7

WHEREFORE, based on the foregoing, the Plaintiff prays that this Court grant him the relief sought including, but not limited to, actual and punitive damages in excess of Seventy-Five Thousand Dollars ($75,00000), with interest accruing from date of filing of suit, compensatory damages for mental anguish, pain and suffering and other non-pecuniary loss, compensatory damages for physical anguish, pain and suffering and other non-pecuniary loss, reasonable attorney's fees and costs, injunctive relief and all other relief deemed appropriate by this Court.

Respectfully submitted,

GARRETT LAW CENTER, PLLC

By:

Amber Peckio Garrett, OBA #19908
D. Mitchell Garrett, Jr., OBA #20704
P. O. Box 1349
Tulsa, Oklahoma 74101-1349
Telephone:  (918) 895-7216
Facsimile:  (918 895-7217

**ATTORNEY'S LIEN CLAIMED**

8

## VERIFICATION

STATE OF OKLAHOMA        )
                                    )ss.

COUNTY OF TULSA            )

I, Harry Walker, of lawful age, being first duly sworn upon my oath, state: That I am the Petitioner, and that I have read the above and foregoing **Petition**, and that the matters therein set forth are true and correct to the best of my knowledge and belief.

_Harry Walker_

Harry Walker, Petitioner

Subscribed and sworn to before me, the undersigned Notary Public, on the 12th day of ___July___, 2013.

_R Elizabeth Hargrove_

Notary Public

My Commission Expires:

July 13, 2016

R ELIZABETH HARGROVE
NOTARY PUBLIC - STATE OF OKLAHOMA
MY COMMISSION EXPIRES JULY 13, 2016
COMMISSION #12006582